UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jatinder Singh,

    Plaintiff,

v.                                                                                    Case No. 12-11963

Daimler, AG, *et al.*,                                                 Honorable Sean F. Cox

    Defendants.
_____/

**OPINION & ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
AND GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

    In this action, Plaintiff asserts Title VII employment discrimination and retaliation claims, breach of contract and promissory estoppel claims, and a claim under South Carolina's Wage Payment Act, against three different corporate entities. This matter is currently before the Court on: 1) an Amended Motion to Dismiss and/or for Summary Judgment filed by two of the three Defendants; and 2) Plaintiff's Motion for Leave to Amend Complaint. Both motions have been fully briefed and the Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs.

    The Motion to Dismiss and/or for Summary Judgment contains two sections. The first section asks the Court to dismiss all claims against the two moving Defendants for lack of personal jurisdiction over them. The second section asks the Court, alternatively, to grant summary judgment in favor of the two moving Defendants as to Plaintiff's Title VII and South

1

Carolina Wage Act claims.

As explained below, the Court shall first GRANT Plaintiff's motion to file an amended complaint, so that the Court can consider the personal jurisdiction arguments in the context of Plaintiff's proposed First Amended Complaint. Second, the Court shall GRANT the moving Defendants' Motion to Dismiss for lack of personal jurisdiction because Plaintiff has not met his burden of establishing personal jurisdiction over Defendant Daimler AG or Defendant Daimler Financial Services, AG.

## BACKGROUND

On July 12, 2011, Plaintiff Jatinder Singh ("Plaintiff" or "Singh") filed this action in the United States District Court for District of South Carolina, Florence Division, asserting both federal question and diversity jurisdiction.[1] Plaintiff's original complaint named the following three Defendants: 1) Daimler, AG; 2) Daimler Financial Services, AG; and 3) Mercedes Benz Financial Services USA, LLC f/k/a DCFS USA, LLC ("Mercedes").

Plaintiff's original complaint includes the following claims: 1) Discriminatory Discharge, in violation of Title VII; 2) Retaliation, in violation of Title VII; 3) Breach of Contract; 4) Promissory Estoppel; and 5) Violation of the South Carolina Wage Payment Act.

Plaintiff's original complaint acknowledges that Daimler, AG and Daimler Financial Services, AG are German corporations. (Compl. at ¶¶ 2-3). It alleges that Mercedes is Delaware limited liability company and that it "maintains substantial and continuous contacts within the

---

[1] The Court could not determine whether diversity jurisdiction exists based upon Plaintiff's complaint because the complaint did not sufficiently allege the citizenship of Defendant Mercedes. Thus, the Court ordered Defendant Mercedes to file a jurisdictional statement. After reviewing that statement (Docket Entry No. 35), the Court concludes that diversity jurisdiction exists.

2

State of South Carolina." (Compl. at ¶ 4). Plaintiff alleges that Daimler, AG and Daimler Financial Services, AG exercise control over Mercedes with respect to "employment decisions concerning Level One employees, such as was the Plaintiff", and that Mercedes "served as the agent and/or alter ego of the Defendants Daimler and Daimler Financial Services in the United States." (Compl. at ¶¶ 2, 3 & 5).

While the case was pending in South Carolina, Defendant Mercedes filed a Motion to Dismiss for Improper Venue or, Alternatively, Motion to Transfer Venue. (Docket Entry No. 23 in Case No. 11-01684). The Daimler Defendants (which the parties refer to collectively as the "German Defendants") filed a Motion for Dismissal, for Summary Judgment or, in the Alternative, for Transfer Due to Improper Venue. (Docket Entry No. 47 in Case No. 11-01684). Both Mercedes and the German Defendants, in those motions, alternatively asked the Court to transfer venue to the Eastern District of Michigan. A Report and Recommendation ("R&R"), which was later adopted by the district court, recommended that the action be transferred to this district. The R&R recommended the transfer because the Defendants requested the transfer and Plaintiff later agreed the case should be transferred here. (*See* March 27, 2012 R&R in Case No. 11-01684).

This action was transferred to this Court, from the District Court of South Carolina, on May 1, 2012. At the time this action was transferred to this Court, the German Defendants' Motion for Dismissal or Summary Judgment was still pending. The grounds raised in that motion included lack of personal jurisdiction over the German Defendants.

3

On May 11, 2012,[2] shortly after the case was transferred here, Plaintiff filed a motion seeking leave to amend his complaint. (Docket Entry No. 11). Notably, Plaintiff's proposed First Amended Complaint deletes the alter ego allegations that were included in Plaintiff's original complaint and, instead, alleges that the German Defendants transacted business and maintained substantial contacts in the United States through the operations of their subsidiary corporations, including Mercedes. (Docket Entry No. 11-2). Plaintiff's proposed First Amended Complaint also removes the references to Mercedes conducting business in South Carolina and, instead, alleges that it is a Delaware limited liability company that maintains its principal place of business in Farmington Hills, Michigan. (*Id*. at ¶ 4).

Plaintiff's proposed First Amended Complaint would add the following claims: "Tortious Interference with Contract and Contractual Relations" asserted against the German Defendants only; "Tortious Interference with Advantageous Business Relationship or Expectancy", asserted against the German Defendants; and "Conspiracy" asserted against all three Defendants.

The German Defendants filed a brief opposing the motion to amend on futility grounds. (Docket Entry No. 17). The German Defendants also asked the Court to rule on its pending motion before considering Plaintiff's motion to amend. Mercedes has not filed any opposition to the motion to amend.

This Court held a Status Conference with the parties on May 22, 2012. At that Status Conference, the parties indicated that they would like to file supplements to the German Defendants' pending motion or an amended motion, because given the transfer of the case, some

---

[2]At that time, Defendant Mercedes had not filed its Answer in this action. Mercedes filed its Answer and Affirmative Defenses on May 24, 2012, pursuant to a stipulation and order allowing it an extension to do so.

4

arguments and issues had changed.

Thereafter, on June 5, 2012, this Court issued an Order ruling that both motions would be heard at the same time. The Court also ordered the German Defendants to file an Amended Motion to Dismiss and/or for Summary Judgment, and Plaintiff to respond to same, so that the Court would have only the relevant issues and arguments before it. (Docket Entry No. 21).

The German Defendants filed their Amended Motion for Dismissal and/or for Summary Judgment (Docket Entry No. 25) on June 25, 2012. The motion is brought pursuant to Fed. R. Civ. P. 12(b)(2) and 56.

## ANALYSIS

The German Defendant's Motion to Dismiss contains two portions. The first portion challenges the exercise of personal jurisdiction over them. The second portion asserts, alternatively, that the German Defendants are entitled to summary judgment with respect to the Title VII and South Carolina Wage Payment Act claims asserted against them.

### I.      Personal Jurisdiction

This first portion of the German Defendants' motion, which asserts that this Court may not exercise personal jurisdiction over them, is brought pursuant to Fed. R. Civ. P. 12(b)(2).

When bringing an action in federal court, the plaintiff bears the burden of establishing that jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936)). The district court has discretion to either; "decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen*, 935 F.2d at 1458.

When the Court does not conduct an evidentiary hearing the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006). "[W]e do not weigh the facts disputed by the parties but instead consider *the pleadings* in the light most favorable to the plaintiff, although we may consider the defendant's undisputed factual assertions." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (emphasis added).

This Court chooses to decide the motion based upon the complaint and the affidavits submitted.[3]

### A.   The Complaint To Be Considered In Determining Whether Personal Jurisdiction Exists

As a threshold issue, the Court believes that it must determine which complaint it will consider in determining whether personal jurisdiction exists over the moving Defendants. Given the arguments raised and the procedural posture of this case, this Court concludes that it should: 1) first grant Plaintiff's motion to file its proposed First Amended Complaint; and 2) then consider that pleading in evaluating whether personal jurisdiction exists. The Court elects to do so for several reasons. First and foremost, Plaintiff's original complaint was drafted when this case was filed in the United States District Court for South Carolina and, therefore, the complaint contains factual allegations that go to Mercedes' contacts in South Carolina – not Michigan.

Second, in asserting his arguments in support of exercising personal jurisdiction over the moving Defendants, Plaintiff makes an argument that personal jurisdiction may be exercised over the moving Defendants based upon the conspiracy claim – a claim that does not exist in

---

[3]After the motions were fully briefed, without seeking or obtaining leave of Court to do so, both Plaintiff and Defendants filed supplemental briefs attaching exhibits.

Plaintiff's original complaint and is only found in Plaintiff's proposed First Amended Complaint.

Accordingly, the Court ORDERS that Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED and this Court shall consider that pleading in evaluating Defendants' Motion to Dismiss.

### B. Plaintiff's Affidavit

In opposing the German Defendants' motion, Plaintiff submitted his own Affidavit. (Exhibit 4 to Pl.'s Stmt., Docket Entry No. 30-5). Plaintiff's Affidavit spans 80 paragraphs and 22 pages. Unfortunately, it appears that this Affidavit was prepared in response to the motion filed in South Carolina, because the Affidavit: 1) refers to actions that occurred in South Carolina (instead of Michigan); and 2) references a litany of exhibits – labeled by letters – that are not attached to the Affidavit filed in this case. The only exhibits filed by Plaintiff here are exhibits 1-43 to Plaintiff's Stmt. and Exhibits A through E to Plaintiff's response brief, which do not correspond to the Exhibits referenced in Plaintiff's Affidavit. This is problematic because many of the statements in the Affidavit appear to be based on Plaintiff's review of the cited documents, rather than his own personal knowledge.

### C. Plaintiff's Arguments In Support Of Personal Jurisdiction

In responding to Defendants' motion, Plaintiff asserts several arguments in support of his argument that this Court may exercise personal jurisdiction over the German Defendants.

#### 1. Personal Jurisdiction Via Waiver

Plaintiff first asserts that the German Defendants have "consented" to jurisdiction in this forum. (Pl.'s Br. at 5). In support of that argument, Plaintiff notes that his "most recent (and controlling) International Assignment Letter (Ex. 35) identifies that his employment is subject to

7

United States law (including state laws)," regardless of where Plaintiff is assigned. (*Id*.). Thus, Plaintiff contents that the language in Exhibit 35 constitutes a waiver by the German Defendants to jurisdiction in the United States. This argument is unsupported by any legal authority.

And, as the German Defendants note, that Assignment Letter identifies Plaintiff's "Employer" as "DCFS USA LLC" (ie., Mercedes) and the provision that Plaintiff construes as waiving jurisdiction states that "[t]he employee acknowledges that regardless of the location of the assignment, the employee will remain an employee of *the Company*, and all employment relationships are subject to the federal, state and local laws of the United States of America." (Ex. 35 at 2). That Assignment Letter defines "DCFS USA LLC" as "the Company" in the opening paragraph and it is signed by representative of the Company (i.e., Mercedes). That Assignment Letter further states that "[t]his letter is neither intended, nor to be construed, as an employment contract of any type or as an undertaking by DCFS USA LLC (the "Company") of any of its subsidiaries." (*Id*. at 1). Thus, the Court fails to see how this Assignment Letter, that was not signed by representatives of either of the German Defendants, can constitute a waiver as to personal jurisdiction by the German[4] Defendants. The Court rejects this argument.

        **2.**       **General Jurisdiction Via An "Agency Test", Pursuant to *Bauman***

Plaintiff also asserts that general personal jurisdiction over the German Defendants exists via the "agency" test as applied in *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909 (9th Cir. 2011).

In *Bauman*, the Ninth Circuit concluded that, under the law of that circuit, two separate tests may be applied to support the exercise of personal jurisdiction over a foreign parent

---

[4]Mercedes does not dispute that this Court has personal jurisdiction over it.

company by virtue of its relationship to a subsidiary: 1) the "alter ego" test; and 2) the "agency" test. *Bauman,* 644 F.3d at 920. Although it found the alter ego test was not applicable, it concluded that personal jurisdiction over German corporation existed under the agency test.

A petition for rehearing *en banc* was filed but the majority failed to vote for an *en banc* hearing. *Bauman v. DaimlerChrysler Corp.*, 676 F.3d 774 (9th Cir. 2011). Seven judges, however, dissented from the denial of rehearing *en banc* and stated, in no uncertain terms, that they vehemently disagree with the ruling – going so far as to call it "an affront to due process." *Id*. at 775. They stated that the ruling "extends the reach of general personal jurisdiction far beyond its breaking point." *Id*. They further stated that the ruling places the Ninth Circuit "at odds again with the dictates of the Supreme Court, which has never approved such a broad jurisdictional reach as in this case." *Id.* They further noted that the ruling "is inconsistent with the law of at least six of our sister circuits", including the Sixth Circuit, which use only the alter ego test and do not apply an agency test. *Id.* at 778.

The Court declines to follow *Bauman*, and apply an "agency test" here, because the Sixth Circuit has not endorsed an agency test for establishing personal jurisdiction.

### 3. Specific Jurisdiction, Pursuant to *Daimler-Benz Aktiengesellschaft*

Plaintiff also asserts that specific personal jurisdiction exists over the "German Defendants, through their United States and Michigan subsidiaries." (Pl.'s Br. at 14). This argument is also not based upon any conduct in Michigan by the German Defendants but rather, seeks to assert personal jurisdiction over the foreign defendants based upon conduct of their subsidiary. Plaintiff contends that at least one court "has found Daimler AG's efforts in targeting the United States market sufficient to warrant an exercise of personal jurisdiction" and

directs the Court to *Daimler-Benz Aktiengesellschaft v. Olson*, 21 S.W.3d 707 (Tex.App. 2000)).

Again, this is not a decision from within the Sixth Circuit. Rather, this is a Texas state court decision, and it appears to apply an alter ego test. But even for an alter ego test, this Court follows Sixth Circuit and Michigan authority as to that test – not a decision from a state court in Texas.

### 4. Personal Jurisdiction Via A Conspiracy Theory

Plaintiff also contends that personal jurisdiction can be exercised over the German Defendants if there is a conspiracy claim. Plaintiff directs the Court *General Motors Corp. v. Ignacio Lopez De Arriortua*, 948 F.Supp. 656 (E.D. Mich. 1996). In that case, GM brought suit against Defendants, alleging theft of trade secrets and conspiracy. The court noted that "some courts" recognize the theory that "personal jurisdiction can be founded on conspiracy grounds. That is, because the acts of a conspirator in furtherance of the conspiracy may be attributed to the other members of the conspiracy, a nonresident co-conspirator may be sued for the acts of the resident coconspirators." *Id*. at 664. The decision cited a Seventh Circuit case and a district court case from outside of the Sixth Circuit and also noted that "[t]he Sixth Circuit has never had the occasion to apply this theory." *Id.*

This Court declines to find personal jurisdiction over the German Defendants based on a conspiracy theory because the Sixth Circuit has not adopted this theory of personal jurisdiction.

### 5. General Jurisdiction Via Alter Ego Theory

In applying an alter-ego theory of personal jurisdiction in a diversity action, the Court must look to Michigan law. *Estate of Thompson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008). This Court, however, has federal-question jurisdiction over some of

Plaintiff's claims and federal-question jurisdiction over others. Thus, it is appropriate to look to both Michigan and Sixth Circuit law on the alter-ego theory of personal jurisdiction.

Michigan follows the "well-recognized principle that separate corporate entities will be respected and "Michigan law presumes that, absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities." *Seasworld v. Hilti, Inc.*, 449 Mich. 542, 547 (1995). Michigan law requires that a subsidiary must become "a mere instrumentality" of the parent before its separate corporate existence will be disregarded. *Id.* Thus, in order to find a parent corporation amenable to jurisdiction through the activities of a subsidiary, the subsidiary must be the parent's alter ego. *United Insurance Group Agency, Inc. v. Patterson,* 2011 WL 5067251 (Mich. App. 2011). As explained by the Michigan Court of Appeals:

> Facts tending to show the existence of an alter ego relationship include if the parent and subsidiary share principal offices, if they share board members or executives, if all of the parent's revenue comes from the subsidiary's sales, if all capital for the subsidiary is provided by the parent, if the subsidiary purchases supplies exclusively from the parent, if the subsidiary is seriously undercapitalized, if the parent regularly provided gratuitous services to the subsidiary, if the parent handled the subsidiary's payroll, if the parent directed the policies and decisions of the subsidiary, and if the parent considered the subsidiary's project to be its own.

*Id*. (citing *Seasworld*, 449 Mich. at 548 n.10 and *Herman v. Mobile Homes Corp.*, 317 Mich. 233, 239-41 (1947)).

Similarly, under Sixth Circuit law, "[t]he alter-ego theory provides for personal jurisdiction 'if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Indah v. United States Sec. and Exchg. Comm'n*, 661 F.3d 914, 921 (6th Cir. 2011) (quoting *Estate of Thomson,* 545 F.3d at 362). The Sixth Circuit considers the following additional factors: 1) sharing the

11

same employees and corporate officers; 2) engaging in the same business enterprise; 3) having the same address and phone lines; 4) using the same assets; 5) completing the same jobs; 6) not maintaining separate books, tax returns and financial statements; and 7) exerting control over the daily affairs of another corporation. *Estate of Thomson*, 545 F.3d at 362-63.

In his response brief, Plaintiff asserts that the "Daimler Group" observes an organizational structure, through which, the German Defendants "dominate" the operations of all the American subsidiaries, including Mercedes. In support of that assertion, Plaintiff directs the Court to various paragraphs of his Affidavit.

Plaintiff, however, does not even address the vast majority of factors that are to be considered in this inquiry. Plaintiff's complaint and Affidavit do not sufficiently address key factors in this analysis such as whether: 1) these corporate entities maintain separate books, tax returns and financial statements; 2) the subsidiary is undercapitalized; 3) the entities share assets; 4) all of the parent's revenue comes from the subsidiary's sales; 5) all capital for the subsidiary is provided by the parent; 6) the subsidiary purchases supplies exclusively from the parent, etc.

This Court concludes that Plaintiff has not carried his burden to show that Mercedes is simply the alter ego of the moving Defendants.

Moreover, as Defendants note in their Reply Brief, Plaintiff does not even address the fact that Mercedes is not a direct subsidiary of either of the moving Defendants. (*See* Docket Entry No. 26-9, Chart of Corporate Structure and Klaus Entenmann Affidavits).

Additionally, and significantly, Plaintiff's own amended complaint deleted the alter ego allegations that were set forth in his previous complaint. Thus, Plaintiff's current complaint does not even *allege* personal jurisdiction via an alter ego theory or allege any facts would provide a

12

basis for the exercise of such jurisdiction. The Court could therefore, deny the motion on this basis alone. *See Indah v. United States Sec. and Exchg. Comm'n*, 661 F.3d 914, 923 (6th Cir. 2011) (Concluding that the district court correctly rejected the applicability of the alter-ego theory of personal jurisdiction where the "plaintiffs *have not alleged* that [the parent defendant] 'exerts so much control over'" its subsidiaries the parent and either of the subsidiary "companies 'do not exist as separate entities but are one and the same for purposes of jurisdiction.'") (emphasis added); *see also Word Music, LLC v. Priddis Music, Inc.*, 2007 WL 3231835 (M.D. Tenn. 2007) (Granting motion to dismiss for lack of personal jurisdiction and noting that "Plaintiff has simply not alleged any facts that would support jurisdiction over [the moving defendant] on the basis of an alter ego theory."); *Medical Dist., Inc. v. Quest Healthcare, Inc.*, 2002 WL 32398447 (W.D. Ky. 2002) (Granting motion to dismiss for lack of personal jurisdiction and noting that Plaintiff failed to allege facts supporting an alter ego theory.).

Accordingly, this Court shall GRANT the moving Defendants' motion to dismiss for lack of personal jurisdiction and dismiss both moving Defendants from this action.[5] Mercedes shall remain as the sole Defendant moving forward.

## CONCLUSION & ORDER

For the reasons above, the Court ORDERS that Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED.

IT IS FURTHER ORDERED that Defendants Daimler, AG and Daimler Financial

---

[5] In light of this ruling, the Court need not consider the moving Defendants' alternative arguments that they are entitled to summary judgment with respect to Plaintiff's Title VII or South Carolina Wage Act claims.

Services, AG are DISMISSED FOR LACK OF PERSONAL JURISDICTION.

    IT IS SO ORDERED.

                                S/Sean F. Cox  
                                Sean F. Cox  
                                United States District Judge

Dated: October 10, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 10, 2012, by electronic and/or ordinary mail.

                                S/Jennifer McCoy  
                                Case Manager